IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON S. HARPER,

    Plaintiff,                      No. CIV S-04-0339 FCD JFM P

    vs.

DENISE L. HARMON, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his constitutional rights were violated when defendant Harmon, a supervising cook, and defendant Correctional Officer Lewis, conspired to, and did, falsely charge him with sexual battery on defendant Harmon, and when defendant Correctional Lieutenant Akin improperly found plaintiff guilty of the sexual battery charges. Although the disciplinary conviction was ultimately set aside on administrative review, plaintiff was housed in administrative segregation for over seven months as a result of the events complained of. This matter is before the court on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1]

---

[1] Defendants filed their motion to dismiss on August 31, 2004. On December 10, 2004, plaintiff filed a one page opposition to the motion to dismiss, relying primarily on a concurrently filed motion to amend his complaint as the basis for opposing defendants' motion. Plaintiff has subsequently withdrawn his motion to amend the complaint, but has filed no further opposition

1

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

As noted above, plaintiff claims that his federal constitutional rights were violated by the issuance on October 6, 2002 of a false rules violation report charging plaintiff with sexual battery on a staff member and by the disciplinary conviction that followed said charges. As a result of the charges and subsequent conviction, plaintiff was placed in administrative segregation on October 6, 2002 and retained there until approximately May 14, 2003. (See Ex. G to Complaint, filed February 14, 2004.) On April 29, 2003, the conviction was set aside on administrative review. (See Ex. F to Complaint.)

Defendants seek dismissal on the grounds that (1) plaintiff has no constitutional protection against issuance of a false disciplinary report; (2) plaintiff received adequate procedural protections at the disciplinary hearing; (3) plaintiff's procedural due process claim is nullified by the subsequent administrative decision to set aside the disciplinary conviction; (4) plaintiff's placement in administrative segregation did not constitute "atypical and significant hardship" and therefore plaintiff has not stated a cognizable due process claim; and (5) plaintiff's conspiracy claim is not supported by specific factual allegations and is therefore not cognizable.

---

to defendants' motion to dismiss.

There are two ways in which allegations that an inmate has been subjected to a false disciplinary report and/or conviction thereon state a cognizable claim for violation of an inmate's federal constitutional rights. The first is when the inmate alleges that the false report or false conviction was retaliatory. See Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997). The other is when the inmate is not afforded the procedural protections required by the due process clause in connection with issuance and hearing of the disciplinary report. See, e.g., Black v. Lane, 22 F.3d 1395, 1401-02 (7th Cir. 1994).[2] On the other hand, a procedural due process claim arising out the filing of a false disciplinary report fails if those protections were afforded to the inmate at the disciplinary hearing. See, e.g. Freeman v. Rideout, 808 F.2d 949 (2nd Cir. 1986). The due process clause requires (1) written notice of the charges at least twenty-four hours prior to the hearing; (2) the right to appear in person before an impartial hearing body; (3) the right to call witnesses and to present documentary evidence; and (4) a written statement of reasons for the disciplinary action taken. See Wolff v. McDonnell, 418 U.S. 539 (1974).

Here, there are no allegations that the allegedly false report was retaliatory. Plaintiff contends only that the report was false and that he was in his cell when the alleged assault on defendant Harmon occurred.[3]

Plaintiff does allege procedural violations at the disciplinary hearing that resulted in his conviction. Specifically, plaintiff alleges that the hearing officer, defendant Akin, was not impartial, and plaintiff alleges that defendant Akin denied plaintiff the opportunity to question

---

[2] A cognizable due process claim also requires proof of a protected liberty interest, i.e., that the disciplinary proceedings caused the inmate to be subjected to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (due process protection limited to conduct that amounts to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

[3] Plaintiff also alleges that defendant Harmon, the cook, did not know plaintiff's name and relied solely on information provided by defendant Lewis to name plaintiff as the alleged assailant.

3

defendant Lewis at the disciplinary hearing. The record reflects that defendant Lewis was the correctional employee who identified plaintiff as the individual who assaulted defendant Harmon, and that the disciplinary conviction was ultimately set aside because the hearing "did not adequately address" issues related to identification of plaintiff as the perpetrator of the offense. (See Ex. F to Complaint, Memorandum dated April 16, 2003, at 2.)

Defendants contend that any alleged due process violations that occurred during the hearing were cured when the disciplinary conviction was set aside on administrative appeal and, therefore, that such alleged violations cannot support plaintiff's claim. Defendants rely on Torricellas v. Poole, 954 F.Supp. 1405 (C.D.Cal. 1997), aff'd, 141 F.3d 1179 (9th Cir. 1998) and cases cited therein. Defendants, relying on Sandin, supra, also contend that there was no due process violation because his seven month placement in administrative segregation did not constitute "atypical and significant hardship."

In Torricellas, the district court held that

> where a procedural error has been corrected in the administrative process, . . ., there has been no compensable due process violation. The administrative appeal is considered part of the process afforded, and any error in the process can be corrected during that appeals process without necessarily subjecting prison officials to liability for procedural violations at lower levels.

Torricellas, at 1414 (citations omitted). The Torricellas court specifically noted, however, that the plaintiff in that case had not been subjected to any discipline or loss of credits as a result of the disciplinary charges in that case. Id.

Prison inmates have a liberty interest, protected by the due process clause, in freedom from arbitrary placement in conditions of confinement that constitute an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin, at 484. In the instant case, plaintiff was placed in administrative segregation and retained there for a period of seven months during the administrative proceedings. A determination that plaintiff's due process rights were violated at the disciplinary hearing and that the placement was based on a

false allegation could support a finding that the placement was arbitrary.  Moreover, plaintiff alleges that the placement caused him to suffer a mental breakdown, and documents appended to the complaint suggest that plaintiff had mental health issues that were not properly evaluated prior to the first disciplinary hearing.  (See Ex. A to Complaint.)  Liberally construed, those allegations are sufficient to support a contention that the placement in administrative segregation imposed an "atypical and significant hardship" on plaintiff.

In short, viewed in the light most favorable to plaintiff, the allegations before the court are that plaintiff was placed and retained in administrative segregation for a period of seven months, under conditions that caused him to suffer a mental breakdown, based on false allegations that were not uncovered at his first disciplinary hearing because of a biased hearing officer who refused to allow plaintiff to question the officer whose identification of plaintiff led to the disciplinary charges.  Under all of the circumstances alleged in plaintiff's complaint, this court finds that plaintiff has stated cognizable claims for violation of his right to due process against all three defendants, and that those claims are not nullified by the subsequent administrative action setting aside the disciplinary conviction.

Defendants also contend that plaintiff's conspiracy claim must be dismissed on the ground that plaintiff has failed to allege sufficient facts to show that defendants conspired or "were aware of each other's actions."  (Defendants' Motion to Dismiss, filed August 31, 2004, at 6.)  In support of this claim, defendants rely on standards applicable to a conspiracy claim under 42 U.S.C. § 1985.  This action, however, is brought pursuant to 42 U.S.C. § 1983.  Defendants' legal arguments are therefore inapplicable to the action at bar.  See Klingele v. Eikenberry, 849 F.2d 409, 413 (9th Cir. 1988).  Liberally construed, plaintiff's allegations are sufficient to support a claim that defendants Harmon and Lewis conspired to bring false disciplinary charges against plaintiff.

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' August 31, 2004 motion to dismiss be denied; and

2. Defendants be directed to answer plaintiff's complaint within ten days from the date of any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 2, 2005.

UNITED STATES MAGISTRATE JUDGE

12
harp0339.mtd