IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON S. HARPER,

    Plaintiff,                         No. CIV S-04-0339 FCD JFM P

    vs.

DENISE L. HARMON, et al.,

    Defendants.                    FINDINGS & RECOMMENDATIONS

_____/

         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his constitutional rights were violated when defendant Harmon, a supervising cook, and defendant Correctional Officer Lewis, conspired to, and did, falsely charge him with sexual battery on defendant Harmon, and when defendant Correctional Lieutenant Akin improperly found plaintiff guilty of the sexual battery charges. This matter is before the court on defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. Defendants contend that plaintiff failed to exhaust administrative remedies with respect to his claims against defendants Harmon and Lewis, and that all of plaintiff's claims are without merit.[1]

---

[1] Defendants' contentions concerning the failure to exhaust administrative remedies are properly "treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party

1  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome
2  of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
3  (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.
4  1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
5  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,
6  1436 (9th Cir. 1987).

7        In the endeavor to establish the existence of a factual dispute, the opposing party
8  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
9  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
10 versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary
11 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
12 genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
13 committee's note on 1963 amendments).

14       In resolving the summary judgment motion, the court examines the pleadings,
15 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
16 any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,
17 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the
18 court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.
19 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
20 produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen
21 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
22 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
23 show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken
24 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
25 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).
26 /////

1    On July 1, 2004, the court advised plaintiff of the requirements for opposing a
2 motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154
3 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v.
4 Eikenberry, 849 F.2d 409 (9th Cir. 1988).  In the same order, plaintiff received the notice
5 required by Wyatt, supra, with respect to the requirements for opposing a motion to dismiss for
6 failure to exhaust administrative remedies.

## ANALYSIS

### I. Exhaustion of Administrative Remedies

Defendants' first contention is that plaintiff failed to exhaust administrative remedies with respect to his claims that defendant Harmon issued a false disciplinary report against him and that defendants Harmon and Lewis conspired in the creation and issuance of said false disciplinary report.

"Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Porter v. Nussle, 534 U.S. 516, 524 (2002).  Exhaustion must precede the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. McKinney, 311 F.3d at 1199.  Defendants have the burden of establishing that plaintiff failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a).  See Wyatt, 315 F.3d at 1120.

The California prison grievance procedure has several layers, culminating in the third, or Director's, level review.  See Cal.Code Regs tit. 15, §§ 3084.1- 3084.; see also Woodford v. Ngo, __ U.S. __, 126 S. Ct. 2378, 2383 (2006).  As a general rule, administrative procedures are exhausted once an inmate's grievance is decided at the Director's Level, or third

1 level of review. See Cal. Dep't of Corrections Operations Manual, § 54100.11; see also Lira v.
2 Herrera, 427 F.3d 1164, 1166 (9th Cir. 2005).

3       In addition, to satisfy the exhaustion requirement, a grievance must alert prison
4 officials to the claims the plaintiff has included in the complaint. See Porter v. Nussle, 534 U.S.
5 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity
6 to address complaints internally before allowing the initiation of a federal case"); see also Brown
7 v. Sikes, 212 F.3d 1205, 1209 (11th Cir. 2000) (1997e(a) requires that a prisoner provide as
8 much relevant information as he reasonably can in the administrative grievance process).

9       In support of their contention that plaintiff failed to exhaust administrative
10 remedies with respect to his claims against defendants Harmon and Lewis, defendants contend
11 that although plaintiff filed a grievance challenging the disciplinary conviction at issue he did not
12 include in that grievance either an allegation that defendant Harmon had falsified the rules
13 violation report or an allegation that defendants Harmon and Lewis conspired to falsify the
14 charges. Defendants also contend that, although the grievance plaintiff did file was granted at the
15 second level of review, the second level reviewer rejected plaintiff's contention that the incident
16 had not occurred and, therefore, plaintiff was required to pursue the grievance to the third and
17 final level of review before filing a § 1983 action in federal court. In opposition to the motion,
18 plaintiff contends that he was not required to pursue administrative remedies past the second
19 level of review under the circumstances of this case.

20       On February 23, 2003, plaintiff filed a grievance challenging his disciplinary
21 conviction. (Ex. A to Defendants' Statement of Undisputed Facts, filed January 20, 2006, at 24;
22 Ex. F to Complaint.) Therein, plaintiff contended, inter alia, that both defendant Harmon and
23 defendant Lewis had lied about the incident that led to the disciplinary conviction. (Ex. F to
24 /////
25 /////
26 /////

1  Complaint at Attachment 2.)[2]  This contention was sufficient to raise in the administrative

2  process plaintiff's claims against defendants Harmon and Lewis.

3  Plaintiff's grievance was granted at the second level of administrative review.

4  (Defendants' Ex. F, at 28-29.)  The second level reviewing officer, T. L. Rosario, set aside the

5  disciplinary convciction because he found that the hearing officer "did not adequately address the

6  issues" plaintiff raised at the hearing directed at contradictions in defendant Lewis' statements

7  concerning what, if anything, he witnessed during the incident that led to the disciplinary

8  proceedings, and how plaintiff was identified.  (Id. at 28.)  The second level reviewer found that

9  there were "sufficient inconsistencies in the documentation used at the hearing and the evidence

10 solicited by the [hearing officer] at the hearing to have the [rules violation report] dismissed and

11 the circumstances recorded in a 128-B informational Chrono."  (Id.)  Plaintiff did not pursue this

12 grievance to the final level of administrative review.

13 By this action, plaintiff seeks damages for alleged injuries that he suffered as a

14 result of a prison disciplinary conviction that he contends was based on a false rules violation

15 report issued by defendant Harmon and false information provided by defendant Lewis to

16 corroborate defendant Harmon's report.  Plaintiff raised that contention in his inmate appeal from

17 the disciplinary conviction and it was entirely reasonable for plaintiff to conclude that he did not

18 need to pursue that appeal further once it was granted at the second level of administrative

19 review.[3]  Defendants' contention that plaintiff failed to exhaust administrative remedies with

20 respect to his claims against defendants Harmon and Lewis should be rejected.

21 /////

---

[2] For reasons that are not clear, the copy of plaintiff's grievance submitted by defendants does not include the page containing this factual allegation.  It is only included with the copy of the same grievance that is appended to plaintiff's complaint.

[3] On January 14, 2004, plaintiff filed a grievance challenging the 128-B informational chrono and requesting its removal from his central file.  (Id. at 31.)  At the informal level of review, plaintiff's correctional counselor found plaintiff's appeal meritorious, but referred the grievance to the first formal level of review on the ground that the correctional counselor was without authority to grant the relief plaintiff had requested.  (Id.)  Thereafter, however, the grievance was denied at all three formal levels of review.  (Id. at 32, 35.)

II. Merits of Plaintiff's Claims

Defendants also seek summary judgment on the grounds that plaintiff's claims are without merit. Specifically, defendants contend (1) there is no evidence that defendant Harmon intentionally falsely identified plaintiff as the inmate who had touched her buttocks; (2) plaintiff received all process due in the disciplinary proceedings; (3) there was sufficient evidence to support the guilty finding; (4) plaintiff's placement in administrative segregation did not constitute an "atypical and significant hardship" sufficient to give rise to a liberty interest protected by the due process clause of the federal constitution; (5) there is no evidence of a conspiracy between defendants Harmon and Lewis; and (6) defendants are entitled to qualified immunity.

Plaintiff's claim that his constitutional rights were violated by the false disciplinary report and conviction thereon are grounded in his contention that he was not afforded the procedural protections required by the due process clause in connection with issuance and hearing of the disciplinary report. See, e.g., Black v. Lane, 22 F.3d 1395, 1401-02 (7th Cir. 1994).[4] The due process clause requires (1) written notice of the charges at least twenty-four hours prior to the hearing; (2) the right to appear in person before an impartial hearing body; (3) the right to call witnesses and to present documentary evidence; and (4) a written statement of reasons for the disciplinary action taken. See Wolff v. McDonnell, 418 U.S. 539 (1974). For defendants to prevail on this motion for summary judgment, they must establish that plaintiff had no protected liberty interest in the disciplinary proceedings at issue and/or that plaintiff was afforded all the protection due him at the disciplinary hearing. Defendants have failed to meet this burden.

---

[4] A cognizable due process claim also requires proof of a protected liberty interest, i.e., that the disciplinary proceedings caused the inmate to be subjected to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (due process protection limited to conduct that amounts to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

7

1  Viewing the record evidence in the light most favorable to plaintiff, this court
2  finds triable issues of material fact exist as to whether the rules violation report issued by
3  defendant Harmon was false, whether defendant Lewis gave false information in connection with
4  the incident, whether defendants Harmon and Lewis engaged in a form of conspiracy to provide
5  false information identifying plaintiff as the perpetrator of the incident, and whether defendant
6  Akin violated plaintiff's due process rights at the disciplinary hearing.

7  The record evidence shows that on October 5, 2005, defendant Harmon twice felt
8  an inmate touch her buttocks with his fingertips. After the second touching, the inmate ran away.
9  Defendant Harmon did not know the name or the housing number of the inmate who had touched
10 her. Defendant Lewis identified the inmate as plaintiff. The day after the incident, both
11 defendants Harmon and Lewis identified plaintiff as the perpetrator from the "picture board."
12 However, Correctional Sergeant Barlesi told Correctional Officer J. Messner, the investigating
13 employee, that defendant Lewis had stated to Barlesi that "he didn't see anything happen." (Ex.
14 A to Defendants' Statement of Undisputed Facts, at 17.) At the disciplinary hearing, plaintiff
15 stated that defendant Lewis had told plaintiff he hadn't seen the incident "so it was [plaintiff's]
16 word against [defendant Harmon's] word." (Id. at 22.) Despite the contradictions in the record,
17 defendant Akin took no steps at the hearing to "adequately address" how plaintiff had been
18 identified as the perpetrator. (Id. at 29.)

19 Defendant Harmon's identification of plaintiff as the perpetrator appears to have
20 been entirely dependent on defendant Lewis' identification of plaintiff, and defendant Lewis'
21 apparently contradictory statements about what he did or did not see give rise to a triable issue of
22 material fact as to whether his identification of plaintiff as the perpetrator was false. Moreover,
23 there is a triable issue of material fact as to whether or not defendant Akin violated plaintiff's
24 right to due process when he failed to allow additional examination of witnesses to resolve the
25 apparent contradiction in defendant Lewis' identification of plaintiff as the perpetrator. For these
26 /////

reasons, the court finds none of the defendants are entitled to summary judgment on plaintiff's claim that the disciplinary charges were false.

Defendants also contend that there was no protected liberty interest at stake in connection with the disciplinary proceedings at issue. This court disagrees.

Prison inmates have a liberty interest, protected by the due process clause, in freedom from arbitrary placement in conditions of confinement that constitute an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Here the undisputed evidence shows that plaintiff was placed in administrative segregation and retained there for a period of seven months during the disciplinary proceedings. A determination that plaintiff's due process rights were violated at the disciplinary hearing and that the placement was based on a false allegation could support a finding that the placement was arbitrary and that such arbitrary placement imposed an "atypical and significant hardship" on plaintiff.[5]

In short, this court finds that there are triable issues of material fact as to whether defendant Harmon and/or defendant Lewis provided false information that plaintiff was the inmate who had improperly touched defendant Harmon's buttocks and whether defendant Akin violated plaintiff's right to due process during the disciplinary hearing. The court further finds that if plaintiff's claims are proved the claims may established that his placement and retention in administrative segregation on false charges for a period of seven months constituted an atypical and significant hardship sufficient to give rise to a liberty interest protected by the due process clause.

Defendants also contend that they are entitled to summary judgment on plaintiff's conspiracy claim because there is no evidence to support the claim. Defendants rely, in part, on plaintiff's deposition testimony, where plaintiff testified that the only evidence of conspiracy he

---

[5] Defendants attempt to rebut plaintiff's allegation that he suffered serious mental health problems as a result of his placement in administrative segregation. The court finds triable issues of material fact concerning the extent to which plaintiff's mental health was affected by the events at bar.

had was the reports of defendants Harmon and Lewis.  The evidence at bar gives rise to an inference, sufficient to create a triable issue of material fact, as to whether defendant Harmon and Lewis agreed to falsely identify plaintiff as the inmate who touched defendant Harmon's buttocks.  Defendants are not entitled to summary judgment on plaintiff's conspiracy claim.

Finally, defendants contend they are entitled to qualified immunity. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

> Consideration of qualified immunity in a Section 1983 claim raises two questions. Menotti v. City of Seattle, 409 F.3d 1113, 1152 (9th Cir.2005).  Under the approach set out by Saucier v. Katz, we first must ask "whether a constitutional right would have been violated on the facts alleged." 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).  "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Id. at 201, 121 S.Ct. 2151.
>
> If a constitutional violation is established, we consider "whether that right was 'clearly established' such that 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" Menotti, 409 F.3d at 1152, quoting Saucier, 533 U.S. at 202, 121 S.Ct. 2151. "This inquiry is wholly objective and is undertaken in light of the specific factual circumstances of the case." San Jose Charter of the Hells Angels Motorcycle Club v. City of San Jose, 402 F.3d 962, 971 (9th Cir.), cert. denied sub nom., Decena v. San Jose Charter of Hells Angels Motorcycle Club, --- U.S. ----, 126 S.Ct. 796, 163 L.Ed.2d 627 (2005), citing Saucier, 533 U.S. at 201, 121 S.Ct. 2151. . . . "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." City of San Jose, 402 F.3d at 971, quoting Saucier, 533 U.S. at 202, 121 S.Ct. 2151.  "[I]f officers of reasonable competence could disagree on this issue, immunity should be recognized." Malley, 475 U.S. at 341, 106 S.Ct. 1092.

Brittain v. Hansen, 451 F.3d 982, 988 (9th Cir. 2006).

/////

1    The same triable issues of fact that preclude judgment for defendants on the
2 merits of plaintiff's claims preclude summary judgment for defendants on the issue of qualified
3 immunity.  Specifically, plaintiff's evidence, if believed, could establish that the rules violation
4 report written by defendant Harmon and/or defendant Lewis' identification of plaintiff as the
5 perpetrator was false, and that defendant Akin violated plaintiff's right to due process by failing
6 to adequately address the issue of identification at the disciplinary hearing.  Proof of any or all of
7 the foregoing would establish a violation of plaintiff's constitutional right to due process.
8 Moreover, if those facts are established, no reasonable correctional officer in any of the
9 defendants' positions could have believed their conduct was lawful.  For these reasons, this court
10 finds that defendants are not entitled to qualified immunity.
11    For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that
12 defendants' January 20, 2006 motion for summary judgment be denied.
13    These findings and recommendations are submitted to the United States District
14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
15 days after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties.  Such a document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
18 shall be served and filed within ten days after service of the objections.  The parties are advised
19 that failure to file objections within the specified time may waive the right to appeal the District
20 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
21 DATED: August 29, 2006.

UNITED STATES MAGISTRATE JUDGE

12
harp0339.msj