1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AARON S. HARPER,

11            Plaintiff,                    No. CIV S-04-0339 FCD JFM P

12        vs.

13   DENISE L. HARMON, et al.,

14            Defendants.              <u>ORDER</u>

15   _____/

16           Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action

17   seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate

18   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

19           On August 30, 2006, the magistrate judge filed findings and recommendations

20   herein which were served on all parties and which contained notice to all parties that any

21   objections to the findings and recommendations were to be filed within twenty days.  Defendants

22   have filed objections to the findings and recommendations.

23           In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-

24   304, this court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire

25   /////

26   /////

1    file, the court finds the findings and recommendations to be supported by the record and by

2    proper analysis.[1]

3

4                    Accordingly, IT IS HEREBY ORDERED that:

5                    1.  The findings and recommendations filed August 30, 2006, are adopted in full;

6                    2.  Defendants' January 20, 2006 motion for summary judgment is denied; and

7                    3.  This matter is referred back to the magistrate judge for further proceedings.

8    DATED:September 28, 2006

9

10                                                   /s/ Frank C. Damrell Jr.
                                                     FRANK C. DAMRELL JR.
11                                                   United States District Judge

12

13

14

15

16   _____

17        [1]        The court also notes that the magistrate judge's findings and recommendations
     regarding the exhaustion of administrative remedies is supported by the Ninth Circuit's decision
18   in Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005).  In Brown, the court held "that a prisoner need
     not press on to exhaust further levels of review once he has either received all 'available'
19   remedies at an intermediate level of review or been reliably informed by an administrator that no
     remedies are available."  Id. at 935.  In applying that standard to the facts of Brown's case, the
20   Ninth Circuit found that the plaintiff had adequately exhausted administrative remedies where
     the Appeal Decision at the second level of review provided that his appeal was partially granted,
21   that an investigation would commence, and did not counsel that any further review was available.
     Id. at 936.

22               In this case, plaintiff's grievance appeal was granted at the second level of review.
     The reviewing officer directed that plaintiff be referred to a Classification Committee who shall
23   dismiss the RVR Log, restore his LOC, readjust his classification points, remove that RCR from
     the C-file, and "address all adverse affects due to his previous finding of guilt of a serious RVR."
24   (Defs.' Ex. A to Mot. for Summ. J., filed Jan. 20, 2006, at 30).  It does not appear from the
     record that plaintiff was advised that further review was available.  Further, defendants do not
25   point to any evidence in the record which "contradicts the conclusion that no further relief was
     'available' through the appeals process" once plaintiff's appeal was granted.  Therefore, plaintiff
26   exhausted such administrative remedies as are available.