IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON S. HARPER,

        Plaintiff,                  No. CIV S-04-0339 FCD JFM P

    vs.

DENISE L. HARMON, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding in propria persona and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  On May 16, 2007, plaintiff filed a motion to reopen discovery.  Plaintiff also complains that he has not been able to file a meaningful pretrial statement.  Despite the issuance of a briefing notice, defendants have not responded to this motion.

        Plaintiff seeks to reopen discovery for the limited purpose of (1) serving on defendants Harmon, Lewis and Akin, one set of interrogatories, limited to ten questions; one set of requests for admissions, limited to seven requests; and one set of production of documents, limited to ten requests; and (2) deposing by written questions potential witnesses Warden Cheryl Pliler, Dr. Hoffman, Captain D. Baughman, Sgt. Thurman, E. Stoddard and R. Gardner.  Plaintiff does not elaborate on the nature of questions or information he would seek by way of this additional discovery, nor does he identify what information these potential witnesses might have or whether they are percipient witnesses to the events at issue herein.

1

1    Discovery closed in this matter on October 4, 2005.  (June 28, 2005 Scheduling

2 Order.)  In his motion to reopen discovery, plaintiff contends his incarceration in administrative

3 segregation from July 14, 2006 to January 22, 2007, and subsequent transfer to a different prison,

4 kept him from propounding discovery herein.  However, those events occurred long after

5 discovery had closed.

6    Moreover, plaintiff has adduced sufficient evidence to survive summary

7 judgment, based on the following:

8    The record evidence shows that on October 5, 2005,
defendant Harmon twice felt an inmate touch her buttocks with his
9    fingertips.  After the second touching, the inmate ran away.
Defendant Harmon did not know the name or the housing number
10   of the inmate who had touched her.  Defendant Lewis identified the
inmate as plaintiff.  The day after the incident, both defendants
11   Harmon and Lewis identified plaintiff as the perpetrator from the
"picture board."  However, Correctional Sergeant Barlesi told
12   Correctional Officer J. Messner, the investigating employee, that
defendant Lewis had stated to Barlesi that "he didn't see anything
13   happen."  (Ex. A to Defendants' Statement of Undisputed Facts, at
17.)  At the disciplinary hearing, plaintiff stated that defendant
14   Lewis had told plaintiff he hadn't seen the incident "so it was
[plaintiff's] word against [defendant Harmon's] word."  (Id. at 22.)
15   Despite the contradictions in the record, defendant Akin took no
steps at the hearing to "adequately address" how plaintiff had been
16   identified as the perpetrator.  (Id. at 29.)

17   Defendant Harmon's identification of plaintiff as the
perpetrator appears to have been entirely dependent on defendant
18   Lewis' identification of plaintiff, and defendant Lewis' apparently
contradictory statements about what he did or did not see give rise
19   to a triable issue of material fact as to whether his identification of
plaintiff as the perpetrator was false.  Moreover, there is a triable
20   issue of material fact as to whether or not defendant Akin violated
plaintiff's right to due process when he failed to allow additional
21   examination of witnesses to resolve the apparent contradiction in
defendant Lewis' identification of plaintiff as the perpetrator.  For
22   these reasons, the court finds none of the defendants are entitled to
summary judgment on plaintiff's claim that the disciplinary
23   charges were false.

24 (August 30, 2006 Findings and Recommendations at 8-9.)

25   The original complaint in this action was filed on February 18, 2004.  Over three

26 years have now passed, dispositive motions have been filed and resolved, and this case needs to

1   proceed to trial.  Plaintiff has failed to articulate specific information he needs to discover to

2   make his case for trial, particularly in light of the record evidence supporting the denial of

3   defendants' motion for summary judgment.  Accordingly, plaintiff's request to reopen discovery

4   at this late date will be denied.

5          However, the court agrees that plaintiff's pretrial statement is inadequate,

6   particularly with regard to his request for attendance of witnesses at trial.  On June 28, 2005,

7   plaintiff was advised of the requirements for calling witnesses to testify at trial.  In his pretrial

8   statement, plaintiff seeks three incarcerated witnesses' testimony and at least thirteen

9   nonincarcerated witnesses' testimony at trial.  Plaintiff was advised that he

> must tender an appropriate sum of money to the witness through
> the United States Marshal.  In the case of an unincarcerated
> witness, the appropriate sum of money is the daily witness fee of
> $40.00 plus the witness' travel expenses.
>
> A subpoena will not be served by the United States Marshal
> upon an unincarcerated witness unless the subpoena is
> accompanied by a money order made payable to the witness for the
> full amount of the witness' travel expenses plus the daily witness
> fee of $40.00, and a copy of the court's order granting plaintiff in
> forma pauperis status.  Because no statute authorizes the use of
> public funds for these expenses in civil cases, the tendering of
> witness fees and travel expenses is required even if the party was
> granted leave to proceed in forma pauperis.

18   (June 28, 2005 Scheduling Order at 2-4.)  In order to obtain incarcerated witnesses' testimony,

19   plaintiff must file a motion with supporting affidavit "showing that each witness is willing to

20   testify and that each witness has actual knowledge of relevant facts."  (Id. at 2.)  If the

21   prospective witness was an eye witness or an ear-witness to the relevant facts, plaintiff may

22   provide his own affidavit.  (Id. at 3.)

23          Good cause appearing, plaintiff will be granted an additional thirty days in which

24   to file a pretrial statement that complies with the June 28, 2005 scheduling order and Local Rule

25   16-281.  Plaintiff is cautioned that he must address the issue of witness fees in his revised pretrial

26   statement, as well as file the appropriate motion for attendance of incarcerated witnesses at trial.

3

1           Accordingly, IT IS HEREBY ORDERED that:

2           1.  Plaintiff's May 16, 2007 motion to reopen discovery is denied.

3           2.  Plaintiff is granted thirty days from the date of this order to file a revised

4    pretrial statement that complies with the June 28, 2005 scheduling order and Local Rule 16-281.

5    Failure to file the revised pretrial statement or to comply with this order may result in a

6    recommendation that this action be dismissed.

7           3.  Pretrial conference (as described in Local Rule 16-282) is set in this case for

8    September 7, 2007, before the undersigned.  The pretrial conference shall be conducted on the

9    file only, without appearance by either party.

10   DATED:  July 3, 2007.

11

12   _____

13   UNITED STATES MAGISTRATE JUDGE

14   /001;harp0339.dsc

15

16

17

18

19

20

21

22

23

24

25

26